UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE HAIRSTON,

       Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

Case No. 11-14974
Honorable Julian Abele Cook, Jr.

## ORDER

This case involves a complaint by the Plaintiff, Yvette Hairston, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, Michael J. Astrue, in his capacity as the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56.

Magistrate Judge Mark Randon, to whom the parties' motions for summary judgment were referred for an evaluation, submitted a report on January 25, 2013, in which he recommended that the Court (1) deny the Commissioner's motion for summary judgment, (2) grant Hairston's motion for summary judgment, and (3) remand this case for further proceedings. The Commissioner has timely filed objections to this report.

I.

On March 21, 2007, Hairston filed an application for disability insurance benefits, in which she, at the age of 45 years, claimed to have suffered a disability with an onset date of January 1, 2001. Her prior employment included the positions of working as a bank teller, customer service representative, and loan review analyst. When her application for disability insurance benefits was denied, she sought and obtained a *de novo* hearing before an administrative law judge who, in a written decision on November 23, 2009, determined that she was not disabled within the meaning of the Social Security Act. In making this determination, the administrative law judge applied a five-step disability analysis as found in 20 C.F.R. § 404.1520(a). As a result, it was her conclusion - based upon her reading and analysis of the medical record - that Hairston had suffered from the severe impairments of "focal hydromeyelia at C6-C7 with mild to moderate foraminal impingement at C6-C7 on the left, and left C6-7 radiculopathy; status post foraminotomy at C6-C7 left, which was performed after the date last insured; trauma to the left knee; and anxiety and depression," as well as the non-severe impairment of "degenerative disc disease in the lumbar spine." Nevertheless, she determined that none of these impairments, either singly or in combination, met or equaled the Listing of Impairments.

As an administrative law judge, it was her opinion that Hairston possessed the residual functional capacity to perform light work which does not require (1) more than occasional reaching with her left upper arm, (2) frequent climbing of ladders and stairs, crouching, crawling, or kneeling, (3) sustained focus and concentration, or (4) more than occasional changes to the overall work routine. Finally, based upon her evaluation of the testimony by a vocational expert, she opined that, given these above-listed

restrictions as well as such other factors as work experience, education and age, Hairston would be able to perform a significant number of jobs that are available within the national economy. The administrative law judge also concluded that Hairston had not suffered from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on December 9, 2010 when the Appeals Council denied Hairston's request for review.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence, and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence has been described as being "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In the appellate review process, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). However, this review is limited in scope to an examination of the record only. It is important to note that the reviewing court "does not review the evidence *de novo*, make credibility determinations [or] weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

3

Hairston urges the Court to conclude that the decision by the administrative law judge was erroneous because she (1) concluded that Hairston's severe impairments - even when evaluated alone or in combination - do not medically equate to a listed impairment and (2) did not have substantial evidence upon which to determine that Hairston (a) was not credible in her statements concerning the severity of her impairments and (b) retained the residual capacity to perform light work.

In her expressions of opposition to the ultimate conclusions by the administrative law judge, it is Hairston's belief that the record does not support the stated reasons for the rejection of the application for disability benefits. As an example, Hairston contends that the administrative law judge committed reversible error when she failed to discuss the reasons for at least one of her conclusions of rejection; namely, that the allegedly severe physical impairments of the spine do not equate to a listed impairment. She proclaims that in step three of the disability analysis, the administrative law judge is obliged to consider "whether the claimant's impairment 'meets or equals' one of the listings enumerated in the Listing of Impairments." *Turner v. Comm'r of Soc. Sec.*, 381 F. Appx. 488, 491 (6th Cir. 2010) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)). "A claimant is . . . disabled if her impairment is the *medical equivalent* of a listing, which means it is 'at least equal in severity and duration to the criteria of any listed impairment.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (internal citations omitted).

When determining if an impairment is the medical equivalent of a listed impairment, "[a]n administrative law judge must compare the medical evidence with the requirements for listed impairments." *Id.* at 415. However, "[t]he mere failure to discuss

every single impairment under the step three analysis is not a procedural error." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). Nevertheless, Hairston argues that (1) her physical impairments satisfy or are medically equal to Listing 1.04 (Disorders of the spine), and (2) the administrative law judge committed reversible error by summarily rejecting this evidence without any analysis. The administrative law judge had determined that Hairston suffered from several severe physical impairments which are related to her spine (namely, "focal hydromyelia at C6-7 with mild to moderate forminal impingement at C6-C7 on the left, and left C6-7 radiculopathy; status post forminotomy at C6-C7 left, which was performed after the date last insured") as well as the non-severe impairment of "degenerative disc disease in the lumbar spine" and the severe mental impairment of "anxiety and depression."

An examination of the record which relates to this contested issue reveals that the magistrate judge properly analogized this case to *Reynolds*. Although the administrative law judge provided a thorough analysis in support of her conclusion that Hairston's mental impairments did not meet or medically equal Listing 12.04 (Affective Disorders), she offered no analysis as to whether the claimed physical impairments satisfy or medically equal the listing 1.04 (Disorders of the spine), or any other listing under Section 1.00. Rather, she summarily declared that she "evaluated [Hairston's] impairments in the context of the Listings and conclude[d] that she does not manifest clinical signs and findings that meet the specific criteria of any of the Listings."

This conclusory statement is an insufficient basis upon which to render a decision. It was necessary for the administrative law judge "to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and given an explained conclusion,

in order to facilitate meaningful judicial review. Without it, it is impossible to say that the [administrative law judge's] decision at Step Three was supported by substantial evidence." *Reynolds*, 424 F. App'x at 416 (internal citations omitted); *see also Tresenrider v. Comm'r of Soc. Sec.*, No. 5:11CV1653, 2012 WL 2412113 (N.D. Ohio June 8, 2012) *report and recommendation adopted*, No. 5:11CV1653, 2012 WL 2415539 (N.D. Ohio June 26, 2012) ("Without some discussion as to what listing the [administrative law judge] considered in contemplation of [step three], or as to how he reached his ultimate conclusion, the Court is unable to determine whether his findings are supported by substantial evidence.").

The Court finds the rationale of *Reynolds* to be persuasive. As explained by the Tenth Circuit, the requirement that an administrative law judge set forth her reasoning in writing does not constitute a "heightened articulation." The Social Security Act generally requires an administrative law judge

> to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision [. . .] which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting 42 U.S.C. § 405(b)(1)); *see also* 20 C.F.R. § 404.953(a) ("The administrative law judge shall issue a written

6

decision that gives the findings of fact and the reasons for the decision."). "Under this statute, the [administrative law judge] was required to discuss the evidence and explain why he found that appellant was not disabled at step three." *Clifton*, 79 F.3d at 1009. A discussion of the evidence by the administrative law judge is necessary because a district court "should not properly engage in the task of weighing evidence in [social security cases]. Rather, we review the Secretary's decision only to determine whether [the] factual findings are supported by substantial evidence and whether . . . the correct legal standards" were applied. *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (primary reason "why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests . . . is the need for the appellate court to perform its statutory function of judicial review."). This underlying rationale is supported by Sixth Circuit precedent. *See, e.g.*, *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985).

The Commissioner marshaled his own analysis of the evidence to support the administrative law judge's conclusion that Hairston's physical impairments did not satisfy the equivalent of a medical listing. But "it is the [administrative law judge's] rationale that is under review, not defense counsel's." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328 (E.D. Mich. June 18, 2012). "[T]his court cannot engage in post-hoc rationalizations." *See Hunter v. Astrue*, No. 1:09 CV 2790, 2011 WL 6440762, at *4 (N.D. Ohio Dec. 20, 2011) (citing *S.E.C. v. Chenery,* 332 U.S. 194, 196 (1947)).

The Court is persuaded that in a case such as this, where the administrative law judge has determined that Hairston suffers from severe physical impairments of the

spine, she - as a claimant - is entitled to a discussion of the evidence which supports a finding that those impairments do not meet or equal a medical listing. *See, e.g.*, *Barbera v. Comm'r of Soc. Sec.*, No. 11-CV-13265, 2012 WL 2458284 (E.D. Mich. June 5, 2012) *report and recommendation adopted*, 2012 WL 2389977 (E.D. Mich. June 25, 2012) (remanding where administrative law judge did not analyze listing 1.04 after "elsewhere recognizing Plaintiff's mild spinal cord compression at the C6–C7 level and electrodiagnostic evidence of C6–C7 radiculopathy"); *Whitaker v. Astrue*, No. CIV.A. 6:10-126-JMH, 2011 WL 3847502 (E.D. Ky. Aug. 26, 2011) (reversing and remanding after administrative law judge concluded that degenerative disc disease of lumbar spine was a severe impairment but in step three analysis "failed to identify the listed impairment for which the Claimant did not qualify, which is Listing 1.04, and failed to provide any analysis or citation to the record in support of the [administrative law judge's] determination that Claimant's symptoms did not qualify for the applicable listing."). This case is remanded for further proceedings.

IV.

For the reasons that have been outlined above, the Court adopts the report and recommendation of the magistrate judge and, in so doing (1) denies the Commissioner's motion for summary judgment, (2) grants Hairston's motion for summary judgment, and (3) remands this case to the administrative law judge pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

Dated: March 30, 2013             s/Julian Abele Cook, Jr.
       Detroit, Michigan             JULIAN ABELE COOK, JR.
                                         United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2013.

                                                      s/ Kay Doaks
                                                      Case Manager