UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE HAIRSTON,

         Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

         Defendant.
_____/

No. 11-14974

District Judge Julian Abele Cook, Jr.

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

Before the Court is Plaintiff's counsel's Petition for Approval of Section 406(b) Attorney Fee [Doc. #25], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the Petition be GRANTED, and that the Court approve attorney fees in the amount of $14,212.00, with credit to Plaintiff Yvette Hairston in the amount of $5,421.25 already paid in fees under the Equal Access to Justice Act ("EAJA").

**I.   FACTS**

Plaintiff prevailed in this Court in her complaint for judicial review of the Commissioner's original decision to deny Social Security Disability benefits. On remand, Plaintiff received an award of past benefits, retroactive to March, 2007. Plaintiff signed a contingent fee agreement with her attorney, Eva Guerra, whereby the Ms. Guerra would

-1-

receive 25% of any past due benefit as attorney fees. Plaintiff's counsel states, and the Commissioner does not dispute, that the fee requested–$14,212.00–represents less than 25% of the total past benefits. Plaintiff was previously awarded $5,421.25 under the EAJA.

## II. DISCUSSION

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved." In making the reasonableness determination, "the court may require the claimant's attorney to submit not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fees yielded by the fee agreement, a record of the hours spent representing the claimant...." *Id*.

Ms. Guerra has submitted a detailed accounting of the time expended in representing her client, and I find that the time is neither inflated nor unreasonable. Her representation of the Plaintiff was of the highest professional caliber, and the results she obtained were excellent. Moreover, her request for $14,212.00 represents less than 25% of the back benefits awarded to the Plaintiff, notwithstanding the twenty-five percent contingent fee agreement.

Finally, the Commissioner does not object to Ms. Guerra's request for attorney fees, asking only that she remit to the Plaintiff the amount that had been awarded in EAJA fees.

### III.   CONCLUSION

I therefore recommend that Plaintiff's Counsel's Petition for Approval of Section 406(b) Attorney Fee [Doc. #25] be GRANTED, and that counsel be awarded fees in the amount of $14,212.00 that are being withheld from Plaintiff's past due benefits. I further recommend that Plaintiff's counsel be ordered to remit to Plaintiff the amount of $5,421.25 that had been awarded in EAJA fees, less expenses that were claimed in the EAJA fee petition.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 19, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 19, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen